UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CALVIN LEE COFER, | ) | 1:08-cv-00991-LJO-SMS |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING PLAINTIFF'S |
| v. | ) | APPLICATION TO PROCEED IN FORMA |
| | ) | PAUPERIS (DOC. 2) |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social | ) | ORDER DISMISSING PLAINTIFF'S |
| Security, | ) | COMPLAINT WITH LEAVE TO FILE AN |
| | ) | AMENDED COMPLAINT NO LATER THAN |
| Defendant. | ) | THIRTY DAYS AFTER THE DATE OF |
| | ) | SERVICE OF THIS ORDER |
| | ) | |

Plaintiff is proceeding pro se with an action concerning an unfavorable decision of the Commissioner of Social Security. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

I. <u>Application to Proceed in Forma Pauperis</u>

By application filed on July 14, 2008, Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff has submitted a declaration that makes the showing required by § 1915(a). Accordingly, the request to proceed in forma pauperis IS GRANTED. 28 U.S.C. § 1915(a).

II. <u>Screening the Complaint</u>

A. <u>Legal Standards</u>

In cases wherein the plaintiff is proceeding in forma pauperis, the Court is required to screen cases and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. 1915(e)(2).

Fed. R. Civ. P. 8(a) provides:

> A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim. <u>Id.</u> Although a complaint need not outline all elements of a claim, it must be possible to infer from the allegations that all elements exist and that there is entitlement to relief under some viable legal theory. <u>Walker v. South Cent. Bell Telephone Co.</u>, 904 F.2d 275, 277 (5th Cir. 1990); <u>Lewis v.

1 ACB Business Service, Inc., 135 F.3d 389, 405-06 (6th Cir. 1998).

2     In reviewing a complaint under this standard, the Court must
3 accept as true the allegations of the complaint in question,
4 Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740
5 (1976), construe the pro se pleadings liberally in the light most
6 favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447
7 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor,
8 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

9     If the Court determines that the complaint fails to state a
10 claim, leave to amend should be granted to the extent that the
11 deficiencies of the complaint can be cured by amendment. Lopez v.
12 Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). A complaint,
13 or a portion thereof, should only be dismissed for failure to
14 state a claim upon which relief may be granted if it appears
15 beyond doubt that the Plaintiff can prove no set of facts,
16 consistent with the allegations, in support of the claim or
17 claims that would entitle him to relief. See Hishon v. King &
18 Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355
19 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log
20 Owners' Ass'n., Inc., 651 F.2d 1289, 1294 (9th Cir. 1981).
21 Dismissal of a pro se complaint for failure to state a claim is
22 proper only where it is obvious that the Plaintiff cannot prevail
23 on the facts that he has alleged and that an opportunity to amend
24 would be futile. Lopez v. Smith, 203 F.3d at 1128.

25     A claim is frivolous if it lacks an arguable basis either in
26 law or fact. Neitzke v. Williams, 490 U.S. 319, 324 (1989). A
27 frivolous claim is based on an inarguable legal conclusion or a
28 fanciful factual allegation. Id. A federal court may dismiss a

claim as frivolous if it is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless. Id.

The test for malice is a subjective one that requires the Court to determine whether the applicant is proceeding in good faith. Kinney v. Plymouth Rock Squab. Co., 236 U.S. 43, 46 (1915); see Wright v. Newsome, 795 F.2d 964, 968 n. 1 (11th Cir. 1986). A lack of good faith is most commonly found in repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity of suits. A complaint may be inferred to be malicious if it suggests an intent to vex the defendants or abuse the judicial process by relitigating claims decided in prior cases, Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C.Cir. 1981); if it threatens violence or contains disrespectful references to the Court, id.; or if it contains untrue material allegations of fact or false statements made with knowledge and an intent to deceive the Court, Horsey v. Asher, 741 F.2d 209, 212 (8th Cir. 1984).

### B. Plaintiff's Complaint

Liberally read, in the complaint filed on July 14, 2008, Plaintiff alleges that an administrative law judge (ALJ) rendered a decision concerning disability benefits under Titles II and XVI of the Social Security Act that was not supported by the evidence and that was biased; Plaintiff seeks a decision that he is disabled. (Cmplt. p. 1.) Thus, it appears that Plaintiff is asking the Court to review an unfavorable decision of the Commissioner of Social Security.

However, the complaint is lacking important information.

4

III. <u>Jurisdictional Allegations</u>

Rule 8(a) requires a short and plain statement of the grounds upon which the Court's jurisdiction depends. Plaintiff names "Social Security" as the Defendant and thus clearly appears to be seeking review of a decision by the Commissioner of Social Security in which benefits relating to disability were denied.

The Court would have jurisdiction pursuant to 42 U.S.C. § 405(g), which provides in pertinent part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia....The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

The Court will infer that by indicating his Jamestown address on the complaint, Plaintiff is alleging that he resides within the Eastern District of California.

However, Plaintiff has failed to state some of the other facts upon which jurisdiction depends.

Plaintiff has not clearly stated that it was the Commissioner of Social Security who made a final decision that denied him benefits. Further, Plaintiff has not identified the name of the administrative proceeding or the date of the decision or of the date upon which notice of the decision was mailed.

5

...

IV. <u>Social Security Number</u>

Pursuant to the Local Rules of Practice of the United States District Court, Eastern District of California, Rule 8-206, provides in pertinent part:

> Complaints under Titles II, XVI, and XVIII of the Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3), and 1395ff... shall contain the following information in addition to the matters otherwise required by the Federal Rules of Civil Procedure and Local Rules:
>
> (1) In actions involving claims for retirement, survivors, disability, health insurance and black lung benefits, the last four digits of social security number of the worker on whose wage record the application for benefits was filed (who may or may not be the plaintiff), or
>
> (2) In actions involving claims for supplemental security income benefits, the last four digits of social security number of the plaintiff.

It is likely that Plaintiff is seeking benefits that come within this rule and that Plaintiff's complaint should contain the last four digits of his social security number. This information will help identify the case and thereby give notice to the Defendant sufficient to permit a response.

V. <u>Proper Defendant</u>

The proper defendant in an action pursuant to 42 U.S.C. § 405(g) is the Commissioner of Social Security, who is presently Michael J. Astrue. 42 U.S.C. § 405(g) (referring to the "Commissioner's answer"); <u>Butler v. Apfel</u>, 144 F.3d 622, 624 (9th Cir. 1998). Plaintiff has named "SOCIAL SECURITY ADMINISTRATION OFFICE OF HEARING AND APPEALS UNITED STATES ATTORNEY GENERAL" instead of Michael J. Astrue, Commissioner of Social Security. Plaintiff will have an opportunity to name Commissioner Astrue in

an amended complaint.

### VI. Leave to Amend the Complaint

Because of the defects in the complaint, the complaint is not clear enough to inform the Defendant of which decision it is that Plaintiff seeks this Court to review. Further, it is not clear that this Court has jurisdiction to hear this case.

If the Court determines that a complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). A complaint, or a portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the Plaintiff can prove no set of facts, consistent with the allegations, in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners' Ass'n., Inc., 651 F.2d 1289, 1294 (9th Cir. 1981). Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the Plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend would be futile. Lopez v. Smith, 203 F.3d at 1128.

In summary, the Court finds it necessary to dismiss the complaint in its entirety. By not adequately identifying the decision, not stating the last four digits of his Social Security number, and not naming the Commissioner as the Defendant, Plaintiff has failed to state a cognizable claim against a proper defendant and has failed to plead facts demonstrating

jurisdiction in this Court.

However, it is possible that Plaintiff can allege a set of facts, consistent with the allegations, in support of the claim or claims that would entitle Plaintiff to relief. Thus, the Court will grant Plaintiff an opportunity to amend the complaint to cure the deficiencies of this complaint by stating the necessary information. Failure to cure the deficiencies will result in dismissal of this action without leave to amend.

In addition, Plaintiff is informed that the Court cannot refer to a prior pleading in order to make Plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, it IS ORDERED that

1) Plaintiff's application to proceed in forma pauperis IS GRANTED; and

2) Plaintiff's complaint IS DISMISSED with leave to amend; and

3) Plaintiff IS GRANTED thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the pertinent substantive law, the Federal Rules of Civil Procedure, and the Local Rules of

1  Practice; the amended complaint must bear the docket number
2  assigned this case and must be labeled "First Amended Complaint";
3  failure to file an amended complaint in accordance with this
4  order will be considered to be a failure to comply with an order
5  of the Court pursuant to Local Rule 11-110 and will result in
6  dismissal of this action.[1]
7  IT IS SO ORDERED.
8  **Dated:   July 22, 2008**          **/s/ Sandra M. Snyder**
                                    UNITED STATES MAGISTRATE JUDGE

---

[1] When Plaintiff files the first amended complaint, the Court will screen it and will order that service proceed and that the scheduling order issue when the screening process is completed.