IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CALVIN LEE COFER, | ) | 1:08-cv-991 GSA |
| Plaintiff, | ) ) | ORDER REQUIRING ADDITIONAL BRIEFING |
| vs. | ) ) | |
| MICHAEL J. ASTRUE, Commissioner, | ) ) | |
| Defendant. | ) ) ) | |

Plaintiff, proceeding pro se, filed his complaint in this action on July 14, 2008. The summons and complaint were served on the Commissioner on August 18, 2008. The Commissioner has not filed an answer.

On January 26, 2009, the Commissioner of Social Security ("the Commissioner") filed a motion to remand this matter pursuant to sentence six of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) on the basis that the Commissioner was unable to provide a complete record of the administrative hearing because of problems with the recording. On March 5, 2009, this Court remanded the action pursuant to the Commissioner's request. Defendant has been providing the Court with status reports and has indicated that another administrative hearing was completed on November 23, 2009, by Administrative Law Judge Howard Treblin in San Diego, California. Defendant also indicated that Plaintiff did not file an appeal from the November 2009 proceeding before the Appeals Council and that another status report would be filed on September 1, 2010. (Doc. 31).

1

On June 28, 2010, Plaintiff sent the Court a letter advising the Court that he has moved to Clay Center, Kansas, and that he filed an appeal on March 10, 2010. Plaintiff contends that when the new hearing was held in San Diego, a complete copy of the file was not sent to the judge, and he is working with a representative in the Social Security Office in Manhattan, Kansas, to organize his records. Plaintiff requests the Court's assistance in facilitating his application in Manhattan Kansas.

Based on the above, **within thirty (30) days from the date of this order**, the parties shall submit briefing on the following issues:

1) Whether Plaintiff was obligated to file a Notice of Appeal with the Appeals Council from the November 2009 proceeding, whether he did in fact timely appeal, and how a failure to timely file a Notice of Appeal would affect this case. Evidence of a timely filed appeal or lack thereof shall be attached to any briefing; and

2) Whether transfer to the United States District Court of Kansas is appropriate given Plaintiff's new address; and

3) Plaintiff shall advise the Court whether he intends to pursue this action given his recent contacts with the Social Security Office in Kansas. Plaintiff is advised that this Court has no jurisdiction to facilitate the granting of his disability application in Kansas.

The parties are advised that failure to respond to this order will result in dismissal of this action or an entry of default.

IT IS SO ORDERED.

Dated:   **July 27, 2010**            /s/ **Gary S. Austin**
                                   UNITED STATES MAGISTRATE JUDGE